**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY a/s/o ATHENEX, INC., Formerly Known As KINEX PHARMACEUTICALS, INC. | : : : : | 1:23-cv-5732(JGLC) |
| Plaintiff, | : : | |
| vs. | : : | **STIPULATED PROTECTIVE ORDER** |
| EATON CORPORATION, | : : | |
| Defendant. | : | |

**<u>STIPULATED PROTECTIVE ORDER</u>**

Plaintiff, Federal Insurance Company ("Plaintiff"), and Defendant, Eaton Corporation ("Eaton") (collectively referred to as the "Parties"), have stipulated and agreed that certain discovery material should be treated as protected and have agreed to the terms of this Protective Order.

This order, as set forth below and contemplated under Rule 26(c) is intended to preserve and maintain confidentiality of certain confidential, proprietary, and/or trade secret information, as well as commercially sensitive, non-public and/or proprietary materials produced by the Parties in this action (the "Lawsuit").

1.     **Scope.**  "Documents" means all documents produced by any party in the course of discovery, all responses to discovery requests, and all deposition transcripts and exhibits.

2.     **Form and Timing of Designation.**  Confidential documents shall be so designated by affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the confidential designation.  Documents shall be designated confidential prior to, or contemporaneously with the

production or disclosure of the documents.  Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver of the right to designate documents as confidential as otherwise allowed by this Order.

3.  **Documents That May Be Designated Confidential.**  Any party may designate as confidential, but only after review of the documents by an attorney who has determined in good faith that the documents contain information protected from disclosure by statute; personal information (such as Social Security numbers); trade secrets; confidential research, confidential development information, commercial information, or sensitive security data.  Information or documents that are available in the public sector shall not be designated as confidential.

4.  **Depositions.**   Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript.  Such designation shall be carefully limited to the specific portions entitled to protection.

5.  **Protection of Confidential Materials**.

a.  **General Protections.**  Documents designated as confidential under this Order shall not be filed with the Clerk or disclosed by the parties or counsel for the parties for any purposes other than preparing for and conducting this litigation (including any appeal).  The parties and their counsel shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more cases have been certified.

b.  **Limited Third Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs (1) - (6)

below, and then only after the person to whom disclosure is to be made has executed an acknowledgement (in the form set forth at Attachment "A" hereto), that he or she has read and understands the terms of this Order and is bound by it.  Subject to these requirements, the following categories of persons may be allowed to review documents which have been designated confidential pursuant to this Order:

(1)     counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

(2)     Parties and employees of the Parties, but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

(3)     court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4)     consulting and testifying experts; and

(5)     other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered; and

(6)     The Court and Court staff.

6.     **Filing of Confidential Materials.**  In the event a party seeks to file any document that an opposing party has designated as confidential, e.g. in support of a substantive motion, that party shall take appropriate action to insure that the document receives proper protection from public disclosure by seeking approval to file confidential documents, or portions thereof, under seal consistent with Rule 5 of Court's Individual Rules. including (i) filing a redacted copy of the document, thereby concealing all allegedly confidential portions thereof, and (ii) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the materials solely for *in camera* review.  Where the preceding measures are not adequate, the party desiring the filing of the confidential document(s) shall file a

~~motion for leave to file the document under seal pursuant to the Court's Standing Order governing the filing of documents under seal.~~  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit the materials to the Court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.

       a.    **Control of Documents.**  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as confidential and shall maintain a record of all persons who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations hereunder.

       b.    **Copies.**  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as confidential, or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy.  All such copies shall be afforded the full protection of this Order.

7.    **Challenges to Designation as Confidential.**  Any confidential designation is subject to challenge.  The following procedures shall apply to any such challenge.

       a.    The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

       b.    A party who contends that documents designated confidential are not entitled to confidential treatment shall notify the party who affixed the designation in writing (including e-mail) of the specific basis for the challenge.  The party who so designated the

documents shall then have seven days to determine if the dispute can be resolved without judicial intervention and, if not, to contact the Court to schedule a conference concerning the confidential designation.

        c.     Notwithstanding any challenge to the designation of documents as confidential, all material previously designated confidential shall continue to be treated as subject to the protection of this Order until one of the following occurs:

        (1) the party who claims that the documents are confidential withdraws such designation in writing;

        (2) the party who claims that the documents are confidential      fails to timely move for an Order designating the documents as confidential as set forth in paragraph 7b above; or

        (3) the Court rules that the documents should no longer be designated as confidential.

        d.     Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

        8.     **Treatment on Conclusion of Litigation.**

        a.     **Order Remains in Effect.**  All provisions of this Order restricting the use of documents designated confidential shall continue to be binding after the conclusion of the litigation unless otherwise agreed in writing or ordered by the Court.

        b.     **Return of Confidential Materials.**  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above, shall be returned to the producing party unless (1) the document has been entered as evidence or filed (unless introduced or filed

under seal); or (2) the parties stipulate to destruction in lieu of return.  Notwithstanding the above requirements to return or destroy materials, counsel may retain attorney work product including an index which refers or relates to information designated confidential so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents.  Such work product continues to be confidential under the terms of this Order.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents or their confidential contents.

9.      **No Judicial Determination.**  The purpose of this Order is to facilitate discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as confidential by counsel is subject to protection under Rule 26(c) or the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

        IT IS SO ORDERED.


                                                    _Jessica Clarke_____
                                                    Honorable Jessica G. L. Clarke
                                                    United States District Judge

_____March 18_____, 2024.

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY a/s/o | : | |
| ATHENEX, INC., Formerly Known As | : | 1:23-cv-5732(JGLC) |
| KINEX PHARMACEUTICALS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **STIPULATED PROTECTIVE ORDER** |
| EATON CORPORATION, | : | |
| | : | |
| Defendant. | | |

**ACKNOWLEDGMENT OF UNDERSTANDING AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the Protective Order dated

_____, 2024, in the above-captioned action, understands the terms thereof, and

agrees to be bound by such terms.  The undersigned submits to the jurisdiction of the Southern

District of New York in matters relating to the Protective Order and understands that the terms of

said Order obligate him/her to use discovery materials designated CONFIDENTIAL solely for the

purposes of the above-captioned action, and not to disclose any such CONFIDENTIAL documents

or information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective Order may result

in penalties for contempt of court.

By: _____

Date: _____, 20_____

7651701

AGREED AND STIPULATED TO BY:


DATED:  March 13, 2024                    /s/ Paul A. Tumbleson
                                          Paul A. Tumbleson
                                          Eustace, Prezioso & Yapchanyk
                                          55 Water Street – 28th Floor
                                          New York, NY 10041
                                          (212) 612-4200
                                          (212) 612-4284 (fax)
                                          ptumbleson@eastacelaw.com
                                          *Attorney for Plaintiff*


DATED:  March 13, 2024                    /s/ Joseph J. Angersola
                                          Joseph J. Angersola (admitted *pro hac vice*)
                                          Hallie E. Richards (admitted *pro hac vice*)
                                          Swift Currie McGhee & Hiers, LLP
                                          1420 Peachtree Street N.E. – Suite 800
                                          Atlanta, Georgia 30309
                                          (404) 874-8800
                                          (404) 888-6199 (fax)
                                          joseph.angersola@swiftcurrie.com
                                          hallie.richards@swiftcurrie.com
                                          *Attorneys for Defendant Eaton Corporation*


DATED:  March 13, 2024                    /s/ Charles J. Stoia
                                          Charles J. Stoia (CS 3075)
                                          Porzio, Bromberg & Newman, P.C.
                                          100 Southgate Parkway
                                          P.O. Box 1997
                                          Morristown, NJ 07962-1997
                                          (973) 538-4006
                                          (973) 538-5146 (fax)
                                          CJstoia@pbnlaw.com
                                          *Attorney for Defendant Eaton Corporation*